Filed 1/6/23 P. v. Dickson CA3
Opinion following transfer from Supreme Court

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(El Dorado)

----

| | |
|---|---|
| THE PEOPLE, | C091152 |
| Plaintiff and Respondent, | (Super. Ct. No. P03CRF0136) |
| v. | OPINION ON TRANSFER |
| TYLER ADAM DICKSON, | |
| Defendant and Appellant. | |

In 2006, a jury found defendant Tyler Adam Dickson guilty of first degree murder with a special circumstance that he had been engaged in robbery and burglary (Pen. Code, §§ 187, subd. (a), 190.2, subd. (a)(17)(A) & (G))[1] and found true the allegation that the principal in the offense, codefendant Sean Alan O'Brien, was armed with a firearm during the commission of the crime. (§ 12022, subd. (a)(1).) The jury also found

---

[1] Undesignated statutory references are to the Penal Code.

1

true that O'Brien had intentionally discharged a firearm causing great bodily injury within the meaning of section 12022.53, subdivisions (b), (c), and (d). Thereafter, defendant was sentenced to 25 years to life, plus one year for the firearm enhancement. We reversed the robbery special circumstances finding as to both defendants based on instructional error, but otherwise affirmed the judgment in *People v. O'Brien et al.* (Aug. 4, 2008, C054011, C054462) (nonpub. opn.) (*O'Brien*).[2]

On January 31, 2019, defendant sought resentencing pursuant to section 1172.6[3] in light of changes brought about by Senate Bill No. 1437 (2017-2018 Reg. Sess.), which " 'amend[ed] the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.' (Stats. 2018, ch. 1015, § 1, subd. (f).)" (*People v. Verdugo* (2020) 44 Cal.App.5th 320, 325, disapproved on another ground in *People v. Lewis* (2021) 11 Cal.5th 952, 961-962.) The trial court denied the petition, finding defendant was barred from relief because he was a major participant in the burglary who acted with reckless indifference to human life.

Defendant appeals the denial of the petition, arguing that under *People v. Banks* (2015) 61 Cal.4th 788 and *People v. Clark* (2016) 63 Cal.4th 522 the evidence is legally insufficient to prove he was a major participant who acted with reckless indifference to human life, and thus, the trial court erroneously denied his petition.

---

[2] We granted defendant's request to incorporate by reference case Nos. C054011, *People v. O'Brien,* and C054462, *People v. Dickson.*

[3] Defendant filed his petition under former section 1170.95. The Legislature later amended and renumbered that provision to section 1172.6. (Stats. 2022, ch. 58, § 10; Stats. 2021, ch. 551, § 2.) Citations in this opinion are to the current version of the provision as codified in section 1172.6.

In an unpublished opinion filed August 12, 2021, we affirmed the trial court's order denying defendant's petition for resentencing on the ground that the jury's special circumstance finding rendered defendant ineligible for relief under section 1172.6. The Supreme Court granted review and transferred the matter back to us with directions to vacate our decision and reconsider the cause in light of its recent opinion in *People v. Strong* (2022) 13 Cal.5th 698 (*Strong*).

In his supplemental brief on transfer, defendant urges us to vacate his murder conviction, arguing the evidence presented at his trial is no longer sufficient to support a murder conviction. The People contend the trial court's order denying defendant's petition should be reversed and this matter should be remanded to the trial court for further proceedings.

After reconsidering the matter, we will vacate the trial court's order and remand the matter to the trial court for further proceedings under section 1172.6, subdivision (d).

## FACTUAL AND PROCEDURAL BACKGROUND

### I. *Statement of Facts*

The relevant facts are taken from our unpublished opinion, *O'Brien.*[4] In February 2003, O'Brien asked defendant to help him steal some dirt bikes and marijuana from a specific house. Defendant and O'Brien were 17 and 16 years old, respectively. Defendant agreed and asked his friend, 20-year-old William Wellman to join them. The following day, the three of them got into defendant's truck. O'Brien brought a shotgun in a blanket and, at O'Brien's request, defendant drove them to a gun shop where they bought shotgun shells. Defendant then drove them to the targeted house. On the way to the house, O'Brien said that if anyone was home, he was going to blow them away.

---

[4] We provide this summary of facts from the prior opinion in defendant's direct appeal solely for context and do not rely on these facts for our analysis or disposition. (See Cal. Rules of Court, rule 8.1115.)

They entered the house thinking no one was home. When the victim appeared with a gun, defendant and Wellman ran back to the truck. O'Brien shot the victim. O'Brien then ran out to defendant and Wellman, yelling, " 'He's dead.' " (*O'Brien, supra*, C054011, C054462 [p. 5].) The trio went back into the house, where they took marijuana and cash. They then drove away together and threw the victim's rifle into a pond on their way home.

II.      *Procedural History*

Defendant's section 1172.6 petition for resentencing contained a declaration stating that (1) an information was filed against him that allowed the prosecution to proceed under a felony murder or natural and probable consequences theory, (2) he was convicted of first degree murder by jury pursuant to the felony-murder rule and/or the natural and probable consequences doctrine, and (3) he could not now be convicted of murder because of the changes made to sections 188 and 189, effective January 1, 2019. Defendant also declared he was not a major participant who acted with reckless indifference to human life during the course of the crime.

In his petition, defendant argued that the jury's special circumstances finding is no longer supported by substantial evidence in light of *Banks* and *Clark*, in which the court construed "major participant" and "reckless indifference to human life" in a manner that differed from earlier constructions of the term. The People opposed the petition, arguing that defendant was barred from relief because he was a major participant acting with reckless indifference to human life, and that section 1172.6 was unconstitutional. Defendant's appointed counsel reiterated on reply that defendant made a prima facie showing for relief because the jury's special circumstances finding is no longer supported by sufficient evidence after *Banks* and *Clark*.

The trial court held a hearing on defendant's prima facie entitlement to relief. After reviewing the record, the trial court found beyond a reasonable doubt that defendant was a major participant in the crime who acted with reckless indifference to human life,

4

and was therefore ineligible for relief under section 1172.6. Because the trial court denied the petition on its merits, it declined to address the constitutionality of the statute.

## DISCUSSION

### I.  *Senate Bill No. 1437*

Senate Bill No. 1437 (2017-2018 Reg. Sess.), which became effective on January 1, 2019, was enacted "to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1(f).) The legislation accomplished this by amending sections 188 and 189 and adding former section 1170.95, now section 1172.6, to the Penal Code.

Section 188, which defines malice, now provides in part: "Except as stated in subdivision (e) of Section 189, in order to be convicted of murder, a principal in a crime shall act with malice aforethought. Malice shall not be imputed to a person based solely on his or her participation in a crime." (§ 188, subd. (a)(3).) Section 189, subdivision (e) now limits the circumstances under which a person may be convicted of felony murder: "A participant in the perpetration or attempted perpetration of a felony listed in subdivision (a) [(defining first degree murder)] in which a death occurs is liable for murder only if one of the following is proven: [¶] (1) The person was the actual killer. [¶] (2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree. [¶] (3) The person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2."

Senate Bill No. 1437 also added former section 1170.95, now section 1172.6, which allows those "convicted of felony murder or murder under the natural and probable

5

consequences doctrine . . . [to] file a petition with the court that sentenced the petitioner to have the petitioner's murder . . . conviction vacated and to be resentenced on any remaining counts when all of the following conditions apply: [¶] (1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder [or] murder under the natural and probable consequences doctrine . . . . [¶] (2) The petitioner was convicted of murder . . . following a trial . . . . [¶] (3) The petitioner could not presently be convicted of murder . . . because of changes to [s]ection 188 or 189 made effective January 1, 2019." (§ 1172.6, subd. (a).)

Once a complete petition is filed and the parties have had an opportunity to submit briefings, "the court shall hold a hearing to determine whether the petitioner has made a prima facie case for relief. If the petitioner makes a prima facie showing that the petitioner is entitled to relief, the court shall issue an order to show cause." (§ 1172.6, subd. (c).) Following the order to show cause, the trial court must hold an evidentiary hearing to determine whether to vacate the murder conviction. (§ 1172.6, subd. (d).) At the evidentiary hearing, the People bear the burden to prove, beyond a reasonable doubt, that the petitioner is guilty of murder under the amended law. (§ 1172.6, subd. (d).)

*II.    Analysis*

Defendant argues the trial court erred when it denied the petition on the ground that defendant was a major participant in the murder who acted with reckless indifference to human life. Specifically, he contends that under *Banks* and *Clark,* which were issued after defendant's conviction and which clarified and narrowed the definitions of "major participant" and "reckless indifference to human life," the trial evidence is now insufficient to prove defendant was a major participant who acted with reckless indifference to human life. Thus, defendant argues he is entitled to have his murder conviction vacated. Based on the Supreme Court's opinion in *Strong*, we now conclude the trial court erred in denying defendant's petition at the prima facie stage.

6

In *Strong*, *supra*, 13 Cal.5th at page 710, our Supreme Court concluded "[f]indings issued by a jury before *Banks* and *Clark* do not preclude a defendant from making out a prima facie case for relief under Senate Bill 1437." The Supreme Court held a trial court cannot "reject a petition at the prima facie stage if it independently examines the record and determines, applying the *Banks* and *Clark* standards, that sufficient evidence supports the earlier findings." (*Id.* at p. 719.) This is because, in the wake of *Banks* and *Clark*, much about the trial environment has changed. (*Ibid.*) These changes included "the arguments available to counsel," the "evidence defense counsel would have sought to introduce," "trial strategies," and the availability of "optional additional instruction on the *Banks* and *Clark* factors . . . with the possibility that different outcomes might have resulted." (*Id.* at pp. 719-720.) "An after-the-fact court review of a pre-*Banks* and *Clark* record does not account for all these differences." (*Id.* at p. 720.) And "such a determination would entail factfinding prohibited at the prima facie stage." (*Ibid.*)

Here, defendant's petition claimed that he was prosecuted for and convicted of murder under the felony-murder rule or the natural and probable consequences theory, and that he could not now be convicted of murder because of the changes made to sections 188 and 189. He also declared he was not a major participant who acted with reckless indifference to human life during the course of the crime. Accepting these allegations as true, defendant would be entitled to relief.

In denying defendant's petition, the trial court conducted an independent review of the record, concluding beyond a reasonable doubt that defendant was a major participant in the underlying felony and acted with reckless indifference to human life. But the beyond a reasonable doubt standard applies at the evidentiary hearing, not at the prima facie stage. Moreover, under *Strong*, a trial court can no longer reject a petition at the prima facie stage based on its review of the record and applying the *Banks* and *Clark* factors. Nor does the jury's special circumstances finding make defendant ineligible for

7

relief at this stage. Following *Strong,* defendant's allegations in his petition now establish a prima facie showing of his entitlement to relief.

Defendant, however, asks us to vacate his murder conviction because it is no longer supported by sufficient evidence under *Banks*/*Clark*. But a court cannot engage in factfinding involving the weighing of evidence or the exercise of discretion in a prima facie inquiry under section 1172.6, subdivision (c). (*People v. Lewis*, *supra*, 11 Cal.5th at p. 972.) We therefore reject defendant's request.

## DISPOSITION

The order denying relief is vacated and the matter is remanded for further proceedings. The trial court is directed to issue an order to show cause and hold an evidentiary hearing to determine defendant's eligibility for relief.

/s/
HOCH, J.*

We concur:

/s/
DUARTE, Acting P. J.

/s/
BOULWARE EURIE, J.

---

* Retired Associate Justice of the Court of Appeal, Third Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

8